**LUCAS, Commissioner of Internal Revenue, v. COLMER–GREEN LUMBER CO.**

No. 6060.

Circuit Court of Appeals, Fifth Circuit.

April 30, 1931.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Sewall Key, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Norman D. Keller, Sp. Asst. to Atty. Gen., for petitioner.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The sole question is whether an additional tax for the calendar year 1919, proposed to be assessed against Colmer-Green Lumber Company by a deficiency letter from the Commissioner, dated September 2, 1926, was barred by limitation. The Revenue Act of 1926, § 277 (a), 26 USCA § 1057 (a), then in force, required assessment "within five years after the return was filed." On May 15, 1920, a return was filed which it is claimed was sufficient to date the beginning of the limitation. It does not, however, profess to be a separate return for this taxpayer, but a consolidated return for it and another corporation in which it owned stock. The return did not set forth anywhere the items of gross income, deductions, and credits of the separate corporations, nor even the separate net income of each, but only aggregations of such items for both. It would have been wholly impossible to tell from it what this taxpayer's gross or net income was, or to assess any tax against it. The return did not

comply with section 240 (a) of the Revenue Act of 1918 (40 Stat. 1081) touching consolidated returns, and article 637 of Regulation 45 made thereunder, in that the items of gross income and deductions for each corporation involved were not set down in columnar form, so as to be readily audited, and so that, after the consolidated tax was computed, it could be apportioned for assessment between the two according to their several net incomes, the return disclosing no agreement between them about the division. It was determined that separate returns should have been filed, and there is now no contention that the consolidated return was justified, although the Board finds that it was filed in good faith. On December 15, 1921, a separate return was filed which for the first time disclosed the separate gross and net income of this taxpayer. On that date we think limitation began to run. Section 239 of the Revenue Act of 1918 (40 Stat. 1081) required every corporation to "make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title." This information is essential to an assessment of the tax, and to procure it is the object of requiring the return. A paper which does not purport to give it cannot be considered to be a return in substantial conformity to the law requiring it. "In providing that the period of limitation should begin on the date when the return was filed, rather than when it was due, the statute plainly manifested a purpose that the period was to commence only when the taxpayer had supplied this information in the prescribed manner." Florsheim Brothers Co. v. United States, 280 U. S. 453, 460, 50 S. Ct. 215, 217, 74 L. Ed. 542; Myles Salt Co. v. Commissioner, 49 F.(2d) 232, decided by this court April 21, 1931; United States v. National Tank & Export Co. (C. C. A.) 45 F.(2d) 1005. Had the consolidated return given the separate gross income and deductions and credits for each company involved as under the Regulation it should have done, a different case would be presented. See F. A. Hall Co., Inc., 3 B. T. A. 1172; Matteawan Mfg. Co., 4 B. T. A. 953. Wholly failing to do this, it cannot be considered a return filed by or for this taxpayer. The deficiency letter was issued within five years from the time of filing of this taxpayer's earliest return. The assessment was not barred.

Reversed and remanded for further proceedings.